IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.                                          Criminal No. 1:01CR7

AUBREY MOORE, III,

        Defendant.

**ORDER/OINION**

On the 28th day of April, 2006, came the defendant, Aubrey Moore, III, in person and by his counsel, L. Richard Walker, and also came the United States by its Assistant United States Attorney, Zelda Wesley, pursuant to a Petition for Warrant or Summons for Offender Under Supervision filed in this case on April 10, 2006, alleging Defendant violated conditions of his supervised release

as follows:

1. Violation of Mandatory Condition: While on supervised release, the defendant shall refrain from any unlawful use of a controlled substance.

    Grounds for the Petition were stated as follows:

    On March 25, 2006, Mr. Moore submitted a urine specimen which tested positive for cocaine. Said specimen was confirmed positive by the GC/MS testing method.

    The Probation Officer further noted that, as previously reported to the Court, Defendant had previously submitted positive urine specimens on September 17, 2005, for morphine and oxycodone, October 3, 2005, for morphine and cocaine, and January 21, 2006, for cocaine. The Probation

Officer further stated:

> As previously reported to the Court, Mr. Moore has been attending the Methadone Maintenance Program in Clarksburg, West Virginia since September 30, 2005. He initially started out with 30 mg. a day and is now taking at least 110 mg. a day. Mr. Moore has also participated in numerous treatment programs dating back to 1979 and has never consistently maintained sobriety. In conversations with Mr. Moore, it is evident that he does not believe counseling and/or formal treatment will be of any benefit. Mr. Moore did believe, however, that methadone was his best chance for long term sobriety. Pursuant to 18 U.S.C. § 3583(g)(4), revocation is required. Given Mr. Moore's failed treatment history, the Probation Officer is not requesting that the Court consider whether the availability of appropriate substance abuse treatment programs warrant an exception to the above revocation requirement.

Prior to the hearing, the United States Probation Officer notified the Court and the parties that Defendant had tested positive for cocaine immediately following his Initial Appearance before the Court on April 21, 2006.

Prior to the taking of evidence, counsel for Defendant waived the preliminary hearing and conceded probable cause existed to forward this revocation matter to Chief United States District Judge Irene M. Keeley for hearing and disposition.

The Court then explained the charges contained in the Petition and the effect of the proposed waiver to Defendant and inquired of him as to the voluntariness of his decision to waive the preliminary hearing. From the colloquy between the Court and the defendant, the Court concluded Defendant's decision to waive the preliminary hearing was knowingly and voluntarily made.

Upon consideration of all which, the Court finds there is probable cause to believe that the defendant violated the conditions of his supervised release as alleged in the Petition for Warrant or Summons for Offender Under Supervision filed April 10, 2006.

It is therefore **ORDERED** that the defendant be bound over for a full hearing before the Honorable Irene M. Keeley, Chief United States District Judge for the Northern District of West Virginia on the violation alleged in the Petition for Warrant or Summons for Offender Under

Supervision filed April 10, 2006.

The United States moved for detention of Defendant pending the full hearing before the District Judge. The Court heard the testimony of United States Probation Officer John A. Burlas and the arguments of counsel regarding the motion. Officer Burlas testified that he is Defendant's supervising Probation Officer. He recommended drug treatment in September 2005, after Defendant tested positive for morphine and oxycodone less than a month after his release from imprisonment. Defendant entered a Methadone Maintenance Program, which he attends five to six days per week. Despite treatment, Defendant tested has positive five times since September 2005.

Officer Burlas further testified that he informed Defendant after the March 25, 2006, positive drug test, that his supervised release would probably be revoked and he would be incarcerated He advised Defendant to begin tapering his methadone so he would not go through withdrawal upon being incarcerated. Officer Burlas requested a summons be issued instead of a warrant to give Defendant the opportunity to taper the methadone. He also spoke with United States District Judge Irene M. Keeley's law clerk to advise the Judge of the methadone problem. Judge Keeley concurred with Officer Burlas' recommendation and issued a summons instead of the usual warrant. Defendant was given notice that an Initial Appearance was scheduled for April 21, 2006. Despite being given the opportunity to taper off his methadone, Officer Burlas was informed by Defendant's counselor that Defendant did not even advise that he wanted to taper his methadone until after he received his full dose on April 27, 2006, the day before his scheduled preliminary hearing. In addition, despite having had ample notice of the April 21, 2006, initial appearance, Defendant tested positive for cocaine immediately after the hearing.

Upon cross examination, Officer Burlas testified that Defendant had advised him after the January 2006, positive drug test that he had come home to his apartment to find people smoking

crack cocaine. Defendant suggested the crack cocaine smoke in his apartment was the reason for that positive drug test. He advised that he subsequently threw the people out of his apartment. He also advised Officer Burlas that he had turned in an individual who was selling drugs around his apartment, and that the reason Defendant had missed scheduled drug tests was perhaps that this individual had retaliated by stealing or destroying his mail. That neighbor was no longer in the area.

Officer Burlas conceded that Defendant was not a flight risk. He also testified that the Halfway House suggested by Defendant would not tolerate drug use, and would test Defendant if he were permitted to go there instead of jail. He was not aware of any outpatient intensive drug therapy in the area, but did testify that outpatient counseling is available in the area. He believed outpatient counseling at the methadone clinic was probably beneficial, but was not required, and not many individuals took advantage of it.

The United States then argued that Defendant has a serious drug addiction; that treatment has not worked; and that there was no reason to believe that release to a half way house pending incarceration would work.

Defendant, through counsel, argued that there had been no meaningful change in Defendant's circumstances since Judge Keeley originally signed the Petition ordering a summons instead of a warrant. Since that time there was a positive drug test, but the drug use had to have been before Defendant's court appearance, and not after. Further, there was no evidence Defendant had used illegal drugs after he appeared before the Court. Counsel argued that Defendant was enrolled in a methadone program, and that, in order to be incarcerated, he must have one month minimum to taper his dosage. Counsel admitted Defendant did not taper when advised, but he did start, albeit on the day of the preliminary hearing. He argued that immediate incarceration would cause a great

hardship and a crisis situation due to methadone withdrawal. In addition, Defendant had recently begun a relationship with a "significant other" who was possibly terminally ill, and needed Defendant's care.

**Findings of Fact**

Having considered all of the above the undersigned makes the following findings of fact:

1. On April 10, 2006, the United States District Judge issued a summons based upon the petition filed by Officer Burlas.

2. Officer Burlas spoke with the District Judge's law clerk regarding the petition, but did not speak with the District Judge directly.

3. The state of the District Judge's knowledge was that Defendant had tested positive for drugs on four occasions prior to the issuance of the summons.

4. On April 12, 2006, Defendant was served with the summons by the United States Marshal Service, notifying him to appear before the Court on April 21, 2006.

5. Prior to that date, on April 10, 2006, Officer Burlas advised Defendant of the "bad news" regarding the fourth positive drug test and advised him to start tapering off methadone.

6. On April 21, 2006, Defendant appeared before the Court pursuant to the summons issued by the District Judge.

7. Immediately following his court appearance, Defendant submitted a urine specimen that tested positive preliminarily.

8. The drug test was confirmed positive on April 27, 2006, for cocaine.

9. Cocaine is usually out of a person's system three to five days after use.

10. The Court therefore concludes that Defendant used cocaine after the issuance of the summons and prior to his Court appearance.

11. Defendant has been in a methadone treatment program since September 2005.

12. Defendant was advised by his Probation Officer of the likelihood of revocation due to the statutory provision requiring revocation for three or more positive drug tests.

13. The Probation Officer further advised Defendant to begin tapering off his methadone.

14. Defendant's methadone level remained the same through April 27, 2006 the day before his preliminary hearing.

15. Defendant lives in Fairmont, WV.

16. The halfway house utilized in this District is located on Monticello Avenue, in Clarksburg, WV.

17. The halfway house protocol does not tolerate drug usage while a resident.

18. The Court received no other evidence relative to protocol at the halfway house.

19. Defendant has a significant other who is seriously ill due to sclerosis of the liver.

**Conclusion**

Based upon the above findings of fact, and consistent with the Court's rulings in other matters where continued drug use is shown, the Court concludes:

1. Defendant is a long-term illegal drug user.

2. Defendant's continued drug usage is a danger to the community because the user needs to obtain the drug somewhere, thus supporting the illegal drug trade and even encouraging it.

3. Congress has legislated that use of such drugs is illegal, and further legislated that more than three positive drug tests over the course of one year requires revocation and a term of imprisonment.

In consideration of all of the above, the Court **ORDERS** Defendant be remanded to the

custody of the United States Marshal pending further proceedings in this matter.

Defendant then orally requested he be permitted to self-surrender in three days, and further requested that the Court Order that he receive all treatment necessary while incarcerated.

The Court **DENIES** both requests.

It is so **ORDERED**.

The clerk of the court is directed to send a copy of this order to counsel of record and all agencies.

DATED: April 28, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE